Taft, J.
At the outset, it should be noted that no contention is made that defendant was or could be (but consider subdivision (B) (2) of Section 2151.23, Revised Code) tried by the Juvenile Court for violating Section 4301.69, Revised Code, which prohibits the sale of intoxicating liquor to a minor or furnishing it to a minor. Instead, it is apparently conceded by the state that the only crime with ivhich defendant was charged and for which he was tried was that specified in Section 2151.41, Revised Code.
Further, it should be noted that the affidavit does not charge that defendant did, to use some of the words of that *41 statute, “act in a way tending to cause delinquency.” The only charge is that defendant did, to use the words of the statute and the affidavit, “aid, abet, induce, cause, encourage” or “contribute” to or toward “the * * * delinquency” of Rose.
This being a criminal charge, it was obviously incumbent upon the state to establish by evidence beyond a reasonable doubt each essential element of the crime as specified in the statute, including the element of some “delinquency” which the defendant either “aided, abetted, induced, caused, encouraged” or to which he “contributed.”
In Fisher v. State, 84 Ohio St., 360, 95 N. E., 908, it was charged in an affidavit, in accordance with the words of the statute there involved, that the defendant “did * * * aid, abet, induce, cause, encourage and contribute to the delinquency of” a certain minor. After conviction defendant appealed and contended that the trial court had erred in admitting into evidence the record of conviction of the minor child. In disposing of this contention it is said in the opinion of the court at page 369:
“The record of the conviction of the minor child upon a charge of delinquency was properly admitted in evidence as tending to show that she was a delinquent child, without proof of which the charge must fail no matter how culpable his acts may be, for if she had not become a delinquent then in the very nature of things he could not have contributed to her delinquency. It is the initial fact to be proven, and the fact to which the evidence offered in the case ought to be first directed, and upon failure of proof of this fact the defendant would have been entitled to his discharge.”
It was not sufficient to establish such delinquency of Rose to rely merely upon a judicial determination of her status as such, but, since defendant was not a party to the proceedings culminating in that determination, it was necessary to establish by evidence beyond a reasonable doubt, offered in the trial of defendant, the essential element of some “delinquency” which defendant either “aided, abetted, induced, caused, encouraged” or to which he ‘ ‘ contributed. ’ ’
Turning to the affidavit upon which defendant was tried, we find the specification of what he did as something which only *42 took place when a sale of intoxicating liquor was claimed to have been made to Rose by a specified waitress. The only evidence in the record even suggesting any such sale (i. e., to use the words of the affidavit, “through his agent and employee” therein named) is evidence with respect to the transaction which took place about 1:30 in the morning. Although there is evidence of some sale earlier in the day, there is no evidence that that sale was by the named waitress, and it would therefore not be described by the specific words of the affidavit. Hence, the question arises whether what Rose did, at the time that and immediately after she entered the Black Angus in the - company of the reporter and the policewoman and also in the custody of the plain-clothes men who entered ahead of her, could amount to any “delinquency” on the part of Rose. If it could not, there would obviously be no “delinquency” of Rose which anything that defendant was charged with doing could “aid, abet, induce, cause, encourage” or to which it could “contribute.”
We agree with the following statement by Judge Hurd in his concurring opinion in the Court of Appeals:
“* * * the minoi1, when accompanied by the police reporter, and acting entirely in obedience to the instructions of the policewoman and other officers, and according to their plan, did not commit any act of delinquency. She did not consume any liquor purchased for her by the police reporter nor was it intended or planned that she should do so. The liquor served was immediately confiscated by the police officers and preserved as evidence, all in accordance with the preconceived plan. It follows asa necessary corollary that if the minor was not guilty of any delinquency in accompanying the officers and acting under and in accordance with their instructions, then the defendant could not have contributed to a delinquency which did not then and there take place.”
Certainly, it cannot be said that Rose in so acting was at the time when she entered the Black Angus at 1:30 a. m., to recognize the words of subdivision (D) of Section 2151.02, Revised Code, so deporting herself as to injure or endanger her morals or health or those of others. If she was, she was doing so, not because of anything that defendant did or failed to do, *43 but because of what the police had asked her to do. As to whether she was, to recognize the words of subdivision (A) of Section 2151.02, Revised Code, violating any law of this state, it may be observed that she did not buy the drink but the drink was bought by the reporter for her. It may have been a violation of the law for the reporter, to use the words of Section 4301.69, Revised Code, to “buy intoxicating liquor for, or furnish it to” Rose, but the evidence indicates a sale to the reporter and a purchase by him, not a sale to Rose or a purchase by her. It was not contended that defendant was charged under Section 4301.69, Revised Code, with furnishing liquor to Rose.
Inasmuch as what we have said requires an affirmance of the judgment of the Court of Appeals which discharged defendant, we express no opinion with respect to the other questions of law considered in the two concurring and the dissenting opinions of the Court of Appeals.

Judgment affirmed.

Zimmerman, Stewart and Herbert, JJ., concur.
Weygandt, C. J., Bell and Matthias, JJ., dissent.